JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Alfred Baker ("Baker"), appeals the determination of the Cuyahoga County Court of Common Pleas, Criminal Division, which classified him as a "sexual predator" pursuant to R.C.2950.09(B)(1). For the following reasons, we find Baker's appeal to be without merit.
 {¶ 2} On May 14, 1982, after a jury trial in case number 168130, Baker was found guilty on two of three counts of rape of a five-year-old girl in violation of R.C. 2907.02. Baker was sentenced to terms of life imprisonment, to run concurrently, on each of the two counts of rape. On March 11, 1983, Baker was found guilty by the trial court in case number 173712 on one count of rape of a three-and-one-half-year-old girl in violation of R.C. 2907.02. Thereafter, Baker was sentenced to life imprisonment.
 {¶ 3} On July 10, 2002, upon receipt of notice of recommendation by the Department of Rehabilitation and Corrections, the State of Ohio moved the trial court for a sexual predator adjudication hearing pursuant to R.C. 2950.09(C). The trial court conducted a properly noticed sexual predator hearing on December 17, 2002 and classified Baker as a sexual predator. It is from this classification that Baker now appeals, asserting one assignment of error for this court's review.
 I. {¶ 4} Assignment of Error No. I: "The evidence is insufficient, as a matter of law, to prove by `clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 5} Baker argues that under the clear and convincing standard of review that evidence presented at his sexual predator hearing did not support a finding that he is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 6} A sexual predator, as defined in R.C. 2950.01(E)(1), includes:
 {¶ 7} "[A] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 8} In order for the offender to be classified a sexual predator, the State of Ohio must prove by "clear and convincing evidence that the offender has been convicted of a sexually oriented offense and
that the offender is likely to engage in the future in one or more sexually oriented offenses." State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247 (emphasis in original). The trial court, in making this "weighty decision," must consider all relevant factors provided in R.C.2950.09(B)(3), including but not limited to the following:
 {¶ 9} "(a) The offender's or delinquent child's age; "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims; "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; "(g) Any mental illness or mental disability of the offender or delinquent child; "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."See, also, Eppinger, 91 Ohio St.3d at 164, 2001-Ohio-247; Statev. Price (Dec. 31, 2001), Franklin App. No. 00AP-1434, 2001-Ohio-8874.
 {¶ 10} At the sexual predator adjudication hearing, the State of Ohio listed Baker's numerous prior criminal offenses and detailed the facts in the two cases in which Baker was found guilty of rape — both involving girls well under the age of thirteen. In support of its request that Baker be classified a sexual predator, the State of Ohio introduced a House Bill 180 packet ("packet") into evidence. This packet was prepared by the Ohio Department of Corrections, which includes an institutional summary report, sexual predator screening instruments, police reports, and inmate status reports of Baker, and was admitted with no objection by Baker. Baker asserted at the sexual predator adjudication hearing that Baker's age of 58 is a factor weighing against the likelihood of recidivism and that in the last 20 years Baker has been in prison, he has had no serious violations.
 {¶ 11} After both the State of Ohio and Baker presented their evidence, the trial court engaged in an analysis of the factors enumerated in R.C. 2950.09(B)(3) and concluded, based upon such analysis, that Baker should be classified a sexual predator. First, the trial court considered Baker's current age of 58 pursuant to R.C.2950.09(B)(3)(a).[1] Second, pursuant to R.C. 2950.09(B)(3)(b), the trial court considered Baker's six prior criminal offenses, which are as follows: (1) juvenile assault with a deadly weapon in Cleveland which resulted in a commitment to the Boys Industrial School; (2) assault on a female in Raleigh, North Carolina in 1962 at the age of 18 which resulted in a jail sentence; (3) assault in Charlotte, North Carolina at the age of 18 which resulted in jail; (4) fornication and adultery in Charlotte, North Carolina which resulted in a six-month jail sentence; (5) trespassing and assault in Richmond, Virginia in 1973 which resulted in a 30-day sentence; and (6) carrying a concealed weapon and receiving stolen property in 1976 which resulted in two years of supervision by the trial court.
 {¶ 12} Third, the trial court, pursuant to R.C. 2950.09(B)(3)(c), considered the age of the victims Baker raped, five years and three and one-half years old, respectively. Fourth, the trial court implied that there were multiple victims, which is a factor pursuant to R.C.2950.09(B)(3)(d), by referring to the two "cases" of rape and the age of the "victims." Fifth, pursuant to R.C. 2950.09(B)(3)(e), the State of Ohio stated in its presentation (and there was no evidence to the contrary) that there was no indication that drugs or alcohol were used to impair the two victims.
 {¶ 13} Sixth, although the trial court noted that Baker has served two prior sentences, there is no evidence that Baker has participated in any available programs for sex offenders pursuant to R.C. 2950.09(B)(3)(f). Seventh, the trial court noted that there is no evidence that Baker suffers from a mental illness or disability pursuant to R.C.2950.09(B)(3)(g). Eighth, although the trial court did not find a pattern of sexual activity pursuant to R.C. 2950.09(B)(3)(h), the trial court did find that Baker threatened cruelty, as provided in R.C. 2950.09(B)(3)(i), to the three-and-one-half-year-old victim when he told her that he would "nail her to the wall" if she told anyone.
 {¶ 14} We find the evidence presented in the instant case at the sexual predator adjudication hearing more than sufficient to demonstrate that Baker is likely to engage in the future in one or more sexually oriented offenses. Although there is "no requisite number of factors that must be applicable before an offender can be considered a sexual predator," the evidence at the sexual predator adjudication hearing corresponds with several of the factors set forth in R.C. 2950.09(B)(3).State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730. Accordingly, after having reviewed the entire record, we find that there is sufficient evidence to support the trial court's conclusion that the State of Ohio met its burden, by clear and convincing evidence, that Baker is likely to commit future sexually oriented offenses, and that after a limited weighing of the evidence, there is sufficient competent, credible evidence to permit reasonable minds to find such a probability. Baker's only assignment of error is not well-taken and overruled.
Judgment affirmed.
ANTHONY O. CALABRESE, JR., J., CONCURS.
 DIANE KARPINSKI, J., CONCURS IN JUDGMENT.
[1] This court, however, agrees with the State of Ohio's argument that despite Baker's current age of 58, he was 38 at the time Baker committed the rapes. Likewise, this court agrees with the State of Ohio's argument that it is immaterial that Baker has not committed any rapes in the last 20 years as Baker has been incarcerated during those 20 years and there are no three-and-one-half or five-year-old girls in jail.